**IT IS ORDERED as set forth below:**



Date: February 28, 2018

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| In re: | CASE NUMBER: |
| **LINDA PROCTOR MANTON,** | **17-40595-MGD** |
| Debtor. | Chapter 7 |
| **FIRST BANK OF DALTON,** | ADVERSARY PROCEEDING NO.: |
| Plaintiff, | **17-4027-MGD** |
| v. | |
| **MANTON FAMILY PARTNERSHIP, LLLP, TLM DIVERSIFIED, LLC, LINDA P. MANTON, a/k/a LINDA SMITH, and THOMAS L. MANTON,** | |
| Defendants, | |

**ORDER (I) GRANTING TRUSTEE'S MOTION TO INTERVENE, (II) GRANTING DEFENDANTS' MOTION TO SUBTITUTE THE TRUSTEE AS THE PLAINTIFF, AND (III) DENYING FIRST BANK OF DALTON'S MOTION TO REMAND**

Before the Court are (1) the *Chapter 7 Trustee* ("Trustee") *in Bankruptcy for Linda P. Manton's Motion to Intervene Together with Supporting Memorandum of Law*, filed on August 7, 2017 (the "Motion to Intervene"), (2) the *Motion of First Bank of Dalton* ("Plaintiff") *to*

*Remand to the Superior Court of Catoosa County Georgia and/or for Abstention*, filed on August 19, 2017 (and accompanying brief) (the "Motion to Remand") and (3) the *Defendants' Joinder of Chapter 7 Trustee's Motion to Intervene and Defendants' Motion: (A) to Substitute Chapter 7 Trustee as Plaintiff as Real Party in Interest, (B) to Dismiss Claims by First Bank of Dalton, and (C) to Set Aside First Bank of Dalton's Default Judgment as Void Ab Initio*, filed on September 5, 2017 (and accompanying brief) (the "Joinder Motion").  (Docket Nos. 3, 9, 10, 12, & 13).  The Defendants also filed a response objecting to the Motion to Remand on September 5, 2017 and Plaintiff filed a response objecting to the Joinder Motion on September 19, 2017 (Docket Nos. 11 & 14).

## BACKGROUND

Plaintiff alleges that on or about November 30, 2011, Linda Proctor Manton ("Debtor") transferred three parcels of real property to the Manton Family Partnership, LLP ("MFP") for no consideration.  (Docket No. 1, Ex. A at *3, ¶ 12).  On or about January 30 or 31, 2012, the couple transferred $15,478.04 from a joint bank account to MFP for no consideration.  (Docket No. 1, Ex. A at *4, ¶ 13, 16).  MFP is owned by the couple as limited partners, with TLM Diversified, LLC ("TLM") as the general partner. (Docket No. 1, Ex. A at *2, ¶ 6).  TLM is solely owned by the couple, with each owning a 50% membership interest.  (Docket No. 1, Ex. A at *2, ¶ 6).  At the time of the transfers, the couple was indebted to several creditors including Plaintiff.  (Docket No. 1, Ex. A at *2, ¶ 8).

In January 2013, the couple defaulted on Plaintiff's loan. Plaintiff foreclosed on the related secured property and obtained a deficiency judgment against the couple for approximately $750,000.  (Docket No. 1, Ex. A at *2, ¶ 8-9).  Unable to satisfy the deficiency judgment, on November 30, 2015, Plaintiff filed a complaint (the "Complaint") including a count

2

for fraudulent conveyance,[1] (the "Fraudulent Conveyance Action") against Debtor, Mr. Manton, MFP, and TLM (collectively, the "Defendants") in the Superior Court of Catoosa County, Georgia (the "Superior Court"). (Docket No. 1, Ex. A at *1). In the Complaint, Plaintiff alleged that Debtor and Thomas L. Manton fraudulently transferred three parcels of real property and funds in the amount of $15,478.04 from their joint account to MFP and TLM. (Docket No. 1, Ex. A at *4-5, ¶ 14-22). On July 14, 2017, the Superior Court entered a default judgment on all "well pleaded allegations of the complaint" against Thomas L. Manton, MFP, and TLM, with damages to be determined subsequent to a hearing on August 9, 2017. (Docket No. 1, Ex. W) (the "Superior Court Judgment").

On March 13, 2017, before the Superior Court Judgment was entered, Debtor filed for relief under Chapter 7. (Case No. 17-40595, Doc.1). Debtor then received her discharge on July 19, 2017. (Case No. 17-40595, Doc. 35). On August 3, 2017, Debtor filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1334, 1452, and Rule 9027 of Federal Rules of Bankruptcy Procedure ("FRBP"). (Doc. 1). Trustee then filed the Motion to Intervene. In response to the removal, Plaintiff filed the Motion to Remand. On September 5, 2017, Defendants filed the Joinder Motion, seeking to substitute Trustee as the real plaintiff in interest, to dismiss First Bank of Dalton's claim, and to set aside the Superior Court Judgment as void *ab initio*.[2] (Doc. 12). Plaintiff opposes the relief sought in Joinder Motion. (Doc. 14).

---

[1] The Complaint includes 5 counts, including fraudulent conveyance, fraud, punitive damages, injunctive relief, and attorneys' fees. The fraud alleged is fraudulent conveyance of property to avoid satisfying Plaintiff's debt, and the other three counts are similarly remedies that are solely based on the fraudulent conveyance claim. Therefore, this really is just a fraudulent conveyance action.

[2] In the status report that Defendants filed jointly with Trustee, the Defendants do not ask the Court to dismiss the First Bank of Dalton nor declare the Superior Court Judgment to be void *ab initio* at this time, and therefore the Court does not address those claims here, without prejudice to addressing them later. *See* Joinder Motion at *4 ("Trustee and Defendants request that: (a) the Motion to Intervene and Defendants' Motion for Trustee Intervention as Plaintiff be granted, (b) First Bank of Dalton's Motion to Remand to Superior Court of Catoosa County, Georgia and/or Abstention be denied, (c) that the Chapter 7 Trustee be authorized to intervene in the Fraudulent Conveyance

3

On October 30, 2017, the Court held a telephonic status conference regarding the various motions. The parties have failed to reach a unanimous consensus regarding the disposition of the pending motions. Trustee and Defendants filed joint status report and requested the Court to grant Trustee's Motion to Intervene, Defendants' Motion for Trustee Intervention as Plaintiff, and to deny Plaintiff's Motion to Remand. (Doc. 16).

Pursuant to that status conference, and the reports submitted by the parties following that status conference, and as will be set forth below, the Court concludes that (1) Trustee is entitled to intervene, (2) Trustee shall be substituted as plaintiff as the real party in interest, because he has the exclusive standing to bring a fraudulent transfer claim, and (3) the present proceeding shall not be remanded to the state court, because it was properly removed to the Court, Plaintiff failed to establish the grounds for mandatory abstention, and the Court declines to remand under permissive abstention, and denies Plaintiff's request for equitable remand. All other relief being sought in the Joinder Motion is not addressed at this time.

## ANALYSIS

**I.     Trustee's Motion to Intervene**

The Plaintiff's claims at issue in this proceeding are to avoid what it alleges are fraudulent transfers of the three parcels of real property and funds from the joint bank account of the Debtor and her non-debtor husband to MFP for no consideration. Plaintiff brought these claims in the Superior Court pursuant to nonbankruptcy law, under Georgia's Uniform Voidable Transactions Act, O.C.G.A. 18-2-70, *et seq.*, which allows a creditor such as Plaintiff to bring such an action. Two well-established principles of bankruptcy law, however, are that fraudulent

---

Action, and (d) that the Chapter 7 Trustee be substituted for Plaintiff as the real party in interest with respect to all claims based upon Debtor's transfers.").

4

transfer actions become property of the estate, and that only the trustee has the power to prosecute a fraudulent transfer action.

Property of the estate includes any interest that a trustee recovers under 11 U.S.C. § 550. 11 U.S.C. § 541(a)(3). Section 550 provides, as applicable here, that "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred[.]" 11 U.S.C. § 550(a). In turn, § 544(b)(1) provides that a trustee may avoid any transfer by the debtor that is voidable by a creditor holding an unsecured claim. 11 U.S.C. § 544(b)(1). Therefore, any property that is recoverable as a result of a transfer that is voidable by an unsecured creditor becomes property of the estate.

Because any property recovered pursuant to a fraudulent transfer action is property of the estate, the fraudulent transfer action itself is a claim of the estate. *See Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 589 n.9 (5th Cir. 2008) (citing *Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266, 1275 (5th Cir. 1983)); 5 COLLIERS ON BANKRUPTCY ¶ 548.03 (Alan N. Resnick & Henry J. Sommer, 16th ed. 2017).

Only the chapter 7 trustee[3] may prosecute a fraudulent transfer action once a debtor files for bankruptcy. *See* 11 U.S.C. §§ 544(a) & 548(a)(1) ("The *trustee* may avoid . . .") (emphasis added); *Deutsche Bank Trust Co. Ams. v. Large Private Beneficial Owners (In re Tribune Co. Fraudulent Conveyance Litig.)*, 818 F.3d 98, 114-15, (2d. Cir. 2016) (collecting cases); *City of Farmers Branch v. Pointer (In re Pointer)*, 952 F.2d 82, 87-88 (5th Cir. 1992) (collecting cases); *Ragsdale v. South Fulton Mach. Works (In re Whitacre Sunbelt, Inc.)*, 211 B.R. 411, 417 (Bankr.

---

[3] Or other designated representative of the estate, including, *e.g.*, a chapter 13 trustee, or a chapter 11 debtor-in-possession.

N.D.Ga. 1997) (Bihary, J.) (citing *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 202 (7th Cir. 1988); *MortgageAmerica Corp.*, 714 F.2d at 1275); 5 COLLIERS ON BANKRUPTCY ¶ 548.02 (Alan N. Resnick & Henry J. Sommer, 16th ed. 2017).

Trustee and Defendants rely on FRBP Rule 7024, arguing that Trustee has established his right to intervene under both mandatory intervention and permissive intervention. Rule 7024(a)(1) provides that the Court must allow a party to intervene if that party "is given an unconditional right to intervene by federal statute[.]" Here, § 544 is a federal statute that clearly gives Trustee an unconditional right to intervene. Because Trustee has satisfied the requirements for mandatory intervention, the Court need not address permissive intervention.

Additionally, pursuant to FRBP Rule 6009, "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." FED. R. BANKR. P. 6009. As set forth above, a fraudulent transfer action is a proceeding in behalf of the estate. The right to intervene in Rule 6009 is absolute and not subject to court approval. *Id.* ("[w]ith or without court approval . . . ."). Therefore, since the claims being asserted by the Plaintiff are in behalf of the estate, the Court finds that Trustee may intervene in this proceeding.

## II.     Debtor's Motion to Substitute Trustee as the Real Party in Interest as Plaintiff

Rule 17 of the Federal Rules of Civil Procedure, made applicable to this proceeding by FRBP Rule 7017, requires that "an action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. (17). A party authorized by statute to prosecute an action is a real party in interest. FED. R. CIV. P. (17)(a)(1)(G). As the case law cited above supports, §§ 544 and 548 provide exclusive standing to a trustee to prosecute a fraudulent conveyance action unless

the trustee has abandoned that claim or the automatic stay has been lifted. *In re Tessmer*, 329 B.R. 776 (Bankr. M.D.Ga. 2005); *Clift v. Gustafson (In re Gustafson)*, 316 B.R. 753, 758 (Bankr. S.D. Ga. 2004) (citing *MortgageAmerica Corp.*, 714 F.2d at 1275-76). Neither has occurred in this case. *See* Case No. 17-40595 (*passim*).

Because only Trustee can bring the avoidable transfer under federal statute, Trustee is a real party in interest in such claim. The Court finds that Trustee shall be substituted as the plaintiff in the present proceeding.

### III. Plaintiff's Motion to Remand

Having decided that Trustee may intervene and be substituted as plaintiff, and because the Fraudulent Conveyance Action is a core proceeding as to which the Court has jurisdiction, the Court will deny the Motion to Remand. Plaintiff asserts that the Fraudulent Conveyance Action must be remanded to the Superior Court because: (1) Debtor did not have standing to remove the Fraudulent Conveyance Action; (2) even if Debtor had standing, only the claims against Debtor were removed, but not the claims against the non-debtor Defendants; and (3) the Court should abstain from hearing this case.

#### A. Standing to Remove

Pursuant to the plain language of 28 U.S.C. § 1452, a party may remove any civil action for which there exists jurisdiction under 28 U.S.C. § 1334, except proceedings before a tax court or actions by a governmental unit to enforce its own police or regulatory power. 28 U.S.C. § 1452(a). A fraudulent transfer action is a civil action; it is not an action by a governmental unit to enforce its regulatory or police power; and it is not a proceeding before a tax court.

The only question that remains is whether there is jurisdiction under 28 U.S.C. § 1334. Section 1334 confers to district courts "original but not exclusive jurisdiction of all civil

proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). This provision creates jurisdiction in three categories of proceedings: (1) one arises under title 11, (2) one arises in a case under title 11, and (3) one that is related to cases under title 11. Because the parties did not dispute that the Court has jurisdiction under § 1334, but only disagreed about which type of jurisdiction under § 1334, the Court will address that specific issue further below. For the purposes of whether the Fraudulent Conveyance Action was a removable action, the parties have not disputed there is jurisdiction pursuant to § 1334. Therefore, the Fraudulent Conveyance Action meets the requirements of § 1452(a).

Plaintiff asserts that Debtor may not remove the Fraudulent Conveyance Action to the Court because Debtor is not allowed to bring an avoidable transfer claim in the bankruptcy proceeding; only Trustee has the exclusive right to bring such claim. Motion to Remand Brief at *6-7. It is true that a Chapter 7 trustee has the exclusive right to bring such cause of action, but the language of 28 U.S.C. § 1452(a) plainly allows *any* party to remove a case on the basis of bankruptcy jurisdiction. 28 U.S.C. § 1452(a); *Liberty Bank and Trust Co. v. Danley (In re Danley)*, 552 B.R. 871, 882 (Bankr. M.D. Ala. 2016) (citing debtor's status as a defendant in the action certainly confers the debtor a "party" status and thus, is authorized under § 1452(a) to remove the action to the court); *see also, e.g.*, *Awald v. Bienvenu*, Adv. Proc. No. 07-06582-MGD, 2008 WL 7874770 (Bankr. N.D.Ga. July 29, 2008) (Diehl, J.) ("The above-styled adversary proceeding originates with Defendants' Notice of Removal . . . ."). To support its argument, Plaintiff cites to *Bernstein v. Wells Fargo Bank, N.A. (In re Bernstein)*, 525 B.R. 505 (Bankr. N.D.Ga. 2015) (Diehl, J.), but *Bernstein* involved a debtor who *initiated* an adversary proceeding postpetition based on a prepetition claim of alleged misconduct by the defendant. *Bernstein*, 525 B.R. at 507. The holding that the trustee, not the debtor, had exclusive

jurisdiction to initiate such a proceeding is inapposite to whether the debtor, as a defendant in a fraudulent transfer action, has standing to remove the proceeding to the bankruptcy court. Therefore, as "a party" to the Fraudulent Conveyance Action, Debtor had standing to remove it under § 1452(a).

### B. Timeliness of Removal

Plaintiff then asserts that Debtor failed to timely remove the Fraudulent Conveyance Action as prescribed in FRBP Rule 9027(a)(2), because, ultimately, the Defendants other than Debtor are not debtors in this or any other case, and therefore the actions against them were not stayed by § 362(a).

When an action is pending in the state court and a bankruptcy petition is filed, Rule 9027(a)(2) governs whether a removal is timely filed. Rule 9027(a)(2) provides:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2). Here, the 90-day removal period under (A) has lapsed. Debtor filed the Chapter 7 petition on March 13, 2017. Ninety days from the petition date was June 12, 2017. The Notice was filed on August 3, 2017, and therefore not within the 90 days prescribed by Rule 9027(a)(2)(A). The removal period under (C) is clearly inapplicable too, because Debtor's case is pending under Chapter 7. Therefore, Debtor must rely on the time period contained in (B).

For the Court to find that the removal was timely pursuant to Rule 9027(a)(2)(B), the Court must find the following: (1) the Fraudulent Conveyance Action was stayed under § 362 of

9

the Bankruptcy Code, and (2) the Fraudulent Conveyance Action was removed within 30 days after the termination of such stay, if it has been terminated. FED. R. BANKR. P. 9027(a)(2)(B). Plaintiff argues that the actions against the non-debtor Defendants was never stayed, and seems to therefore argue that either Rule 9027(a)(2)(B) is inapplicable as to those Defendants, just as Rule 9027(a)(2)(C) is inapplicable, or that Debtor only had thirty days from the date she filed her bankruptcy case. Either way, Plaintiff asserts that the removal was not timely as to the Fraudulent Conveyance Action as against those Defendants.

### 1. The Fraudulent Conveyance Action was Stayed Against All Parties

Section 362 of the Bankruptcy Code precludes creditors from "the commencement or continuation . . . of a judicial . . . proceeding against the debtor" and from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §§ 362(a)(1) and (3). Plaintiff asserts that the Fraudulent Conveyance Action was not stayed because the Fraudulent Conveyance Action involves non-debtor defendants and non-estate properties. Though Plaintiff cited multiple cases involving garnishees, guarantors or co-partners to support its argument, none of those cases involve fraudulent transferees or spouse of the debtor. Further, none of the claims in those cases that were not stayed affected property of the respective debtors' estates, which also distinguishes the Fraudulent Conveyance Action at issue in this case from those cases.

Plaintiff asserts that the legal theory underlying the Fraudulent Conveyance Action against the non-debtor Defendants is that they were the recipients of fraudulently transferred properties, the transferees, and therefore Plaintiff may recover from them the property that was fraudulently transferred (or the equivalent value thereof). That very property, however, the property fraudulently transferred (or the equivalent value thereof) is the property that becomes

10

property of the estate under § 541(a)(3), because § 550 explicitly provides that a trustee can recover transferred property, *from the initial or even subsequent transferees*. 11 U.S.C. § 550(a)(1) – (2). Therefore, any attempt to exercise control over such property to satisfy a prepetition debt is stayed by § 362(a). 11 U.S.C. § 541; *see Best Mfg. Inc. v. White Plains Coat & Apron Co., Inc. (In re Daniele Laundries, Inc.),* 34 B.R. 931, 934-35 (Bankr. S.D.N.Y. 1983). Here, MFP is the transferee, of which TLM is the general partner, and the property that Plaintiff is trying to recover is property of the estate, thus, the Fraudulent Conveyance Action as against MFP and TLM was stayed by § 362(a). Plaintiff does not have any independent theory of liabilities against the other non-debtor Defendants, and therefore has no other legal basis to collect a debt directly from them, other than on the fraudulent conveyance claim. The only claims against the non-Debtor Defendants arise from the debts incurred by Debtor prior to filing for bankruptcy, and therefore these claims are attempts to collect upon prepetition debts from property of the estate.

The first case cited by Plaintiff is *In re Cole*, in which the creditor was seeking to collect upon a garnishee's independent liability for failing to comply with the applicable garnishment law, from the garnishee's independent assets. *Southwest Airlines Co. v. Tidewater Fin. Co. (In re Cole)*, 552 B.R 903 (Bankr. N.D.Ga. 2016) (Diehl, J.). The court specifically noted that the claim at issue was not an attempt to collect on a debt. *Id.* at 916 ("The proceeding against the garnishee on account of its independent liability is no more of a proceeding to collect a debt of the debtor than a suit against a typical guarantor or co-debtor and a suit against a typical guarantor or co-debtor is not stayed by section § 362."). Likewise, the next case cited by Plaintiff is *Credit Alliance Corp. v. Williams (In re Williams)*, 851 F.2d 119 (4th Cir. 1988), is also inapposite because the claim at issue is a claim against a guarantor on his independent

11

guarantee liability, from independent assets, as was the fourth case cited by Plaintiff, *Crescom Bank v. Terry*, 499 B.R. 494 (D.S.C. 2013). The third and only other case cited by Plaintiff, *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194 (6th Cir. 1983), involved product liability claims against the non-debtor co-defendants, which provided an independent direct basis of liability, and the debtors were not indispensable parties.

Here, the non-Debtor Defendants do not have a separate guarantee or similar agreement providing direct liability between them and Plaintiff. Neither is Plaintiff seeking to recover from independent assets, but rather, Plaintiff is seeking to recover the actual transferred property (or, effectively, the value that the non-Debtor defendants gained from it). Therefore, regardless of who the defendants are, the claims at issue in this case are attempts to collect on account of prepetition debts owed by the Debtor from property of the estate, and therefore all the claims at issue in this Fraudulent Conveyance Action against all the Defendants were stayed by the automatic stay of § 362(a).

This also includes the claim(s) against Defendant Thomas L. Manton on account of the approximately $15,000 transferred out of his joint account with Debtor. Section 541 of the Code governs what constitutes property of the estate in a bankruptcy case and provides that all legal and equitable interests of the debtor become property of the estate, including all interests in community property. 11 U.S.C. § 541. Here, there is no allegation that the funds in the joint account belonged exclusively to Thomas L. Manton. Thus, all the transferred property constitutes property of the estate under § 541, and therefore all actions related to the recovery thereof or collection therefrom are also stayed by § 362(a). The Court finds that the Fraudulent Conveyance Action as to all Defendants is subject to the automatic stay of § 362(a).

## 2. The Removal was Timely

Having determined that the Fraudulent Conveyance Action that is the subject of this proceeding is subject to § 362, the Court concludes that the removal was timely because either the automatic stay has not terminated as to the Fraudulent Conveyance Action, or, alternatively, did terminate, but was removed within 30 days of such termination.

An automatic stay remains in effect as to the estate property until it ceases to be property of the estate. 11 U.S.C. § 362(c)(1). Property of the estate in a chapter 7 case remains property of the estate and protected by the automatic stay until either the property is distributed, abandoned, or the case is closed. *Superior Bank v. Hilsman (In re Hilsman)*, 351 B.R. 209, 213 (Bankr. N.D. Ala. 2006). Here, the case is not closed and Trustee has not abandoned nor distributed the assets. Thus, the allegedly fraudulently transferred property continues to be property of the estate. Until an order granting relief is entered, the time for filing a notice of removal does not start to run. *Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R 438, (N.D. Iowa 1990). As no order has been entered granting relief from the automatic stay, the 30-day period of Rule 9027(a)(2)(B) has not yet started to run. The Court concludes that the Notice was timely filed.

Plaintiff asserts that even if the automatic stay applied to the Fraudulent Conveyance Action and all the parties, the automatic stay terminated upon the entry of the discharge in Debtor's main case, pursuant to § 362(c)(2), not § 362(c)(1). Plaintiff misunderstands the effect of § 362(c)(2). A stay termination under § 362(c)(2) is only as to the debtor (who is then protected by the discharge order) but does not terminate the stay as to property of the estate. Moreover, Debtor removed the Fraudulent Conveyance Action on August 3, 2017, which is within 30 days of July 19, 2017, when the discharge order was entered, and thus is also within

the requirements of Rule 9027(a)(2)(B). *See* Case No. 17-40595, Docket No. 35, *Order Discharging Chapter 7 Debtor* (July 19, 2017).

Either way, the Court finds that the Fraudulent Conveyance Action was timely removed by Debtor on August 3, 2017, pursuant to Rule 9027(a)(2)(B).

### C. Abstention

Plaintiff next asserts that the Court is required, or in its discretion should, abstain from hearing the case because the current proceeding is not a "core" proceeding, and the factors justifying abstention are present. Plaintiff alternatively asserts that the Fraudulent Conveyance Action should be remanded based on equitable grounds.

#### 1. Mandatory Abstention

The Court must abstain from hearing a state law claim if all of the following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court. 28 U.S.C. § 1334(c)(2). Since courts are only required to abstain when the proceeding is not core, the Court first addresses whether the Fraudulent Conveyance Action is a core proceeding.

Congress set forth a list of actions it considers to be "core proceedings" in 28 U.S.C. § 157(b)(2). Specifically included in that list are fraudulent conveyance actions. 28 U.S.C. § 157(b)(2)(H). Inclusion in the list of § 157(b)(2) is not necessarily determinative that all fraudulent conveyance actions are core proceedings as was established in the Supreme Court's decisions in *Marathon*, and *Stern v. Marshall*. *See Stern v. Marshall*, 564 U.S. 462, 477-78, 131

S.Ct. 2594, 180 L.Ed.2d 475 (2011). In *Marathon*, the Supreme Court found it unconstitutional for bankruptcy courts to exercise full Article III judicial authority over many types of pure state law claims. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71-72, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1992). Since then, courts have held that core proceedings must arise under Title 11 or arise in a case under Title 11, in addition to falling within one of § 157(b)'s enumerated proceedings. *Stern*, 564 U.S. at 477-78; *Wortley v. Bakst*, 844 F.3d 1313, 1318-19 (11th Cir. 2017); *In re Exide Techs.*, 544 F.3d 196, 206 (3d Cir. 2008).

The Eleventh Circuit has embraced the two-step test created by the Fifth Circuit in *Wood* to determine whether a claim is a core proceeding, consistent with *Marathon* and *Stern*, regardless of whether that type of proceeding is included in the list in § 157(b)(2): first determine if a proceeding addresses a substantive right created by Title 11, and second, if not, determine if the proceeding could only arise in a bankruptcy case. *Welt v. MJO Holding Corp. (In re Happy Hocker Pawn Shop, Inc.)*, 212 F. App'x 811, 816 (11th Cir. 2006) (unpublished) (citing *Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987))). Additionally, "a core proceeding must always implicate the property of the bankruptcy estate." *Happy Hocker*, 212 F. App'x at 816 (citing *Gallucci v. Grant (In re Gallucci)*, 931 F.2d 738, 742 (11th Cir. 1991)).

Here, the Fraudulent Conveyance Action is a core proceeding in bankruptcy because (1) fraudulent conveyance is specifically listed as a core proceeding under 28 U.S.C.S. § 157(b)(2), and (2) it invokes a substantive right created by § 544 of the Bankruptcy Code. Plaintiff asserts that the Fraudulent Conveyance Action did not arise under Title 11 because it was initiated prior to Debtor's bankruptcy, and was based solely on state law, and thus is not a matter that could arise only in a bankruptcy case, as set forth in *Wood*. The test in *Wood* is disjunctive, however.

15

A proceeding is core *either* if it involves a substantive right under bankruptcy or could arise only in a bankruptcy case. Here, the right of the trustee to prosecute a fraudulent conveyance action is a substantive right under bankruptcy law created by § 544 and implicates property of the estate, thus satisfying the *Wood* test. *See, e.g.*, *Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 630 (Bankr. S.D. Tex. 2009) ("All actions to recover estate property wrongfully removed from a bankruptcy estate, and for the benefit of the estate and its innocent creditors, are unquestionably core proceedings."); 28 U.S.C.S. § 157(b)(3). The fact that the Fraudulent Conveyance Action is also based on state law is not the sole basis to determine whether a proceeding is core or non-core. *Toledo*, 170 F.3d at 1349 (citing *Wood*, 825 F.2d at 96-97 n.4; *Marathon*, 458 U.S. at 96-97 (White, J., dissenting) ("[T]he distinction between claims based on state law and those based on federal law disregards the real character of bankruptcy proceedings.... [T]he bankruptcy judge is constantly enmeshed in state-law issues.")).

Plaintiff further asserts that the Fraudulent Conveyance Action did not qualify as a core proceeding because the Fraudulent Conveyance Action was not initiated by Trustee. A fraudulent transfer claim is a core proceeding in bankruptcy even though such claim was removed to the courts by a debtor, not a trustee. *See Ramirez*, 413 B.R. 621 (The court held that this was a core proceeding despite the fact that it was not filed by the trustee, but rather was filed in state court and removed by the debtor).[4] Also, Trustee filed the Motion to Intervene after Debtor removed the Fraudulent Conveyance Action, which clearly shows its intent to pursue the claim. Based upon the above reasons, the Court finds that the Fraudulent Conveyance Action is a core proceeding, and therefore, mandatory abstention has not been established.

---

[4] *But see Whitney Nat'l Bank v. Lakewood Inv'rs*, Case No. 11-0179-WS-B, 2011 U.S. Dist. LEXIS 83775 at *20, 2011 WL 3267160 (S.D. Ala. July 28, 2011) (holding that the court would have considered the proceeding to be a core proceeding "if, in fact, the fraudulent-transfer claims at issue had been brought by the bankruptcy trustee"). But as part of its analysis, the court specifically noted that the bankruptcy trustee was not a party to that proceeding and was not pursuing fraudulent transfer claims separately either, unlike Trustee in this case that *has* moved to intervene in this specific Fraudulent Conveyance Action.

2. Permissive Abstention

Plaintiff argues that the Court may abstain under the permissive abstention provision of 28 U.S.C. § 1334(c)(1). To determine whether a permissive abstention is appropriate, courts generally consider the following factors:

> (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; [and] (14) the possibility of prejudice to other parties in the action.

*Blackman v. Challenge Fin. Inv'rs Corp. (In re Blackman)*, Case No. 16-70629-PMB, Adv. Proc. No. 17-5185-PMB, 2017 Bankr. LEXIS 4127, 2017 WL 6033418 at *3 (Bankr. N.D.Ga. Dec. 5, 2017) (citing *Flyboy Aviation Props., LLC v Franck (In re Flyboy Aviation Props., LLC)*, Case No. 13-55775-BEM, Adv. Proc. No. 13-05111-BEM, 2013 WL 2317628, at *2 (Bankr. N.D.Ga. May 21, 2013)). "Although no single factor is determinative, courts have discretion in determining the relative weight afforded to each factor." *Blackman*, 2017 WL 6033418 at *3.

The Court finds the factors (1), (2), (5), (6), (7) weigh heavily against abstention. First, abstention would have a substantial effect on the administration of the estate, because this proceeding will recover value for the estate that would otherwise be unrecoverable due to the statute of limitations having expired for Trustee to independently seek recovery of fraudulently transferred property and/or Plaintiff recovering the transferred property for its own benefit and

17

not the greater benefit of Debtor's estate and all her general unsecured creditors.  Second, state law regarding fraudulent conveyances does not predominate over bankruptcy issues, because of the similarity between the Bankruptcy Code and Georgia's Uniform Voidable Transactions Act. Third, the Court has jurisdiction over the Fraudulent Conveyance Action pursuant to § 544, in addition to § 1334.  Finally, and arguably most importantly, the Fraudulent Conveyance Action is a core proceeding, arising under Title 11, and directly affects property of the estate, which weighs heavily against abstention. Based upon the foregoing analysis, the Court is not persuaded to abstain in this proceeding under the permissive abstention provision of § 1334(c)(1).

      3.      Equitable Remand

Plaintiff argues that the Court should refrain from hearing this proceeding on equitable grounds, pursuant to 28 U.S.C. § 1452(b).  The grounds include:

> (1) forum non-conveniens; (2) that the entire action of a bifurcated matter should be tried in the same court; (3) that a state court is better able to resolve state law questions; (4) expertise of a particular court; (5) judicial economy; (6) prejudice to the involuntarily removed party; (7) comity; and (8) the lessened possibility of an inconsistent result.

*Agrowstar, LLC v. Branch Banking & Trust Co.*, Case No. 5:14-cv-379 (CAR), 2015 WL 5749456 at *6, 2015 U.S. Dist. LEXIS 132194 (M.D. Ga. 2015)*; see also Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 987, 1001-02 (N.D. Ala. 1986).

Having reviewed the cases within the Eleventh Circuit in which the court granted equitable remand, the Court did not find that any of those cases involved any core proceedings. Those proceedings that were remanded under § 1452(b) were either arising purely under state law or the court only had "related-to" jurisdiction. *See, e.g.*, *Cook v. Griffin*, 102 B.R. 875, 877 (N.D. Ga. 1989) (holding that equitable remand is granted because, *inter alia*, the claim does not arise under Title 11); *Thomasson* 59 B.R. at 1007 n. 6 ("Even though it is a proceeding arising in

a case under title 11, it is not a core proceeding."); *St. Vincent's Hosp. v. Norrell (In re Norrell)*, 198 B.R. 987, 997 (Bankr. N.D. Ala. 1996) (holding that "[t]here is no difficulty in severing the state law claim from the core bankruptcy matter . . . .").

Additionally, courts have held that the bases and analysis for remanding a proceeding on equitable grounds is virtually identical to the analysis of permissive abstention pursuant to § 1334(c)(1). *See, e.g.*, *Flyboy Aviation Props.*, 2013 WL 2317628, at *2 n. 2 (Bankr. N.D.Ga. May 21, 2013) (citing *Lester v. TitleMax of South Carolina (In re TitleMax Holdings, LLC)*, 447 B.R. 896, 900 (Bankr. S.D.Ga. 2010); *Agrowstar*, 2015 WL 5749456 at *6. Therefore, for the same reasons that the Court declines to remand this case under the permissive abstention provision of § 1334(c)(1), principally because this is a core proceeding that directly affects property of the estate, the Court likewise declines to remand this Fraudulent Conveyance Action back to the Superior Court on equitable grounds.

## CONCLUSION

Trustee is entitled to intervene in any pending actions against Debtor. Only Trustee can bring the fraudulent transfer claim in the bankruptcy proceeding; therefore, Trustee is the real party in interest here and shall be substituted as the plaintiff.

The Fraudulent Conveyance Action is properly removed to the Court because Debtor, who is entitled to remove, timely filed the Notice with the Court pursuant to FRBP Rule 9027(a)(2)(B). As the Fraudulent Conveyance Action is a core proceeding under § 157(b) and arises under Title 11, the Court is not required to abstain and remand this case back to the Superior Court, nor will the Court choose to remand this case under permissive abstention or on equitable grounds.

Accordingly, it is

**ORDERED** that Motion to Intervene is **GRANTED**; and it is further

**ORDERED** that the Joinder Motion is **GRANTED** only to the extent that it is seeking Trustee to be substituted as plaintiff as the real party in interest; and it is further

**ORDERED** that the Motion to Remand is **DENIED**.

The Clerk is directed to serve a copy of this Order upon Plaintiff, counsel for Plaintiff, Defendants, counsel for Defendants, the chapter 7 trustee, and the United States Trustee.

**[END OF DOCUMENT]**